M. STEEL v. JOHN N. METCALF ET AL.

No. 1575.

1. **Parties — Surviving Wife.** — Where the husband dies pending a suit brought by him for damages caused by a levy on exempt property, such suit may be prosecuted by the wife alone, without the joinder of the children of her deceased husband.

2. **Execution Void when Addressed to Wrong County.**—An execution addressed to the sheriff of one county will not justify a seizure of property by the sheriff of another county, and such process is, in the hands of the latter officer, void on its face.

3. **Measure of Damages for Levy on Exempt Property.**— In an action for damages caused by a levy on two horses which were exempt property, it was error to submit to the jury as the measure of the damages both the value of the horses' hire during the time of their detention, and also the loss to the crop on account of plaintiff being deprived of their use. See the opinion for the correct measure of damages in such case.

APPEAL from the County Court of Bosque. Tried below before Hon. W. B. Thompson.

*Lockett & Lockett*, for appellant.—In a suit for damages for wrongfully selling exempt property, appellee could not justfy his acts under an order of sale directed to the sheriff of Coryell County, appellee being an officer of Bosque County, and finding the property in the latter county. Rev. Stats., arts. 1627, 1628, 4525; Witt v. Kaufman, 25 Texas Supp., 384; Railway v. McTiegue, 1 W. & W. C. C., sec. 458; Murf. on Sheriffs, secs. 932, 524, 114; Freem. on Ex., sec. 40; Wood v. Ross, 11 Mass., 271; Brier v. Woodbury, 1 Pick., 365.

No brief for appellees reached the Reporter

STEPHENS, ASSOCIATE JUSTICE.—The sheriff of Bosque County, through his deputy, under an order of sale directed to the sheriff of Coryell County, took from the possession of appellant and her husband two certain horses belonging to them as property exempt from execution. This suit was brought against the sheriff and his official bondsmen to recover damages, both actual and exemplary. Pending the suit the husband died, and its prosecution was continued by appellant.

The plea in abatement, on the ground that the children of the deceased husband were necessary parties, was properly overruled, inasmuch as the property was exempt from execution. Craddock v. Goodwin, 54 Texas, 578.

There was error, however, in instructing the jury that the writ addressed to the sheriff of Coryell County would justify the seizure by the sheriff of Bosque County of the horses in question. The process in the hands of the latter sheriff was void on its face; and if, knowing this, he caused the property to be seized willfully and oppressively, he was liable not only for actual, but also, in the discretion of the jury, for exemplary damages.

There was error in submitting as the measure of actual damage both the value of the horses' hire during the time of their detention, and also the loss to the crop on account of appellant being deprived of their use. If they were seized at a time when appellant and her husband, under the circumstances, could not procure other means of cultivating their crop, and thereby the same was damaged in excess of the value of the use of

the horses, the damage to the crop was the proper measure; but if apellant and her husband could have procured other horses in the meantime, it was their duty to have done so, in which case the measure of recovery would be the value of the use or hire of the horses during the fifteen days they were deprived of them. This last measure might not be the correct rule for a long. period of detention.

The above case of Craddock v. Goodwin will furnish valuable suggestions on the question of the measure of damages.

The judgment will therefore be reversed and the cause remanded for a new trial.

*Reversed and remanded.*

Delivered October 11, 1893.


Justice HEAD did not sit in this case.